TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00424-CR





John Henry Jurgens, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-94-0652-S, HONORABLE DICK ALCALA, JUDGE PRESIDING






 The jury found John Henry Jurgens guilty of aggravated sexual assault of his minor
daughter and fixed his punishment at life imprisonment and a fine of $5,000. He was adjudged
guilty, sentenced accordingly, and now appeals. We will affirm the judgment.


FAILURE TO EXCLUDE EVIDENCE


 Jurgens complains in his first point of error that the trial judge abused his discretion
by failing to exclude relevant evidence the probative value of which was "substantially outweighed
by the danger of unfair prejudice" or the danger of "misleading the jury." Tex. R. Crim. Evid. 403. 
The evidence showed that his daughter had, in the past, been examined for genital herpes, resulting
in a medical determination that she probably had the condition. At trial, the State offered in evidence
a document showing that a medical test of Jurgens had determined that he had, in the past, been
exposed to the herpes simplex virus. The evidence was received over Jurgens's objections, which
were as follows: (1) the document did not indicate the type of herpes to which he had been exposed,
whether genital, facial, or another type; (2) the document did not indicate whether his herpes was
currently active; and (3) the document would inflame and mislead the jury as evidence establishing
a sexual transaction between him and his daughter.

 In his testimony, Jurgens denied the conduct alleged against him. Jurgens's daughter
testified unequivocally concerning the assaults upon her. The ultimate issue was thus seriously
contested. The credibility of the witnesses was squarely in issue. Jurgens does not dispute the
relevance of the document. He contends only that its admission was unfairly prejudicial in
comparison to its probative value. We cannot see how the report posed a danger that the jury would
make a decision based on an improper basis, because of the report, or that the report would otherwise
threaten the integrity of the fact-finding process. See Long v. State, 823 S.W.2d 259, 273 n.20 (Tex.
Crim. App. 1991); Goode, Wellborn, & Sharlot, Texas Rules of Evidence: Civil and Criminal, 33
Texas Practice § 403.2, at 130-32 (1993). And we believe the trial judge could reasonably conclude
in the circumstances that the medical report would not confuse or divert the jury from the ultimate
issue of whether Jurgens committed the conduct alleged. See Goode, Wellborn, & Sharlot, supra,
at 133-34. The burden lay upon Jurgens to show the undisputed relevance of the report was
substantially outweighed by the danger of unfair prejudice or the danger of misleading the jury. We
conclude he has not met that burden and overrule the point of error.


INEFFECTIVE ASSISTANCE OF COUNSEL


 In points of error two, three, and four, Jurgens contends the assistance provided by
his trial counsel fell below that envisioned in the Sixth Amendment of the Constitution of the United
States. He complains of three occurrences in the proceedings below.

 The first was trial counsel's failure to call as a witness Johnny Ross, when the
opportunity was presented after the close of the evidence but before the case was submitted to the
jury. Jurgens contends trial counsel should have moved to reopen the evidence and adduced Ross's
testimony. Ross testified on motion for new trial that if called as a witness he would have testified
that he made a telephone call in 1990 to Child Protective Services in response to information brought
to his attention by his sister, Mrs. Jurgens. The call pertained to Mr. Jurgens's allowing two young
men with a history of drug abuse to stay in the Jurgens's home. Mrs. Jurgens did not know what to
do about the situation, Ross testified, and he called to see what could be done about it, if anything. 
The call did not pertain to Jurgens's alleged sexual relations with his daughter. Given the apparent
irrelevance of Ross's testimony to the ultimate issue in the case, we cannot conclude that trial
counsel's conduct fell below professional norms. Nor can we conclude that the absence of his
testimony, to the effect indicated, probably affected the result of the trial. See Strickland v.
Washington, 466 U.S. 668, 686-87 (1984); Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App.
1992).

 In oral argument before this Court, Jurgens contended that Ross would also have
testified that Jurgens's wife used allegations of Jurgens's sexual misconduct against his daughter,
as a tool to gain advantage in Mrs. Jurgens's divorce proceeding. This is not, however, borne out
by any testimony given by Ross.

 Jurgens complains next of trial counsel's decision to introduce in evidence a
videotape allegedly portraying an interview of his daughter by an investigator for Child Protective
Services. In Jurgens's view, trial counsel should at most have introduced an edited version of the
videotape or requested a limiting instruction of a kind not identified by Jurgens; and trial counsel's
omission in that regard also amounted to ineffective assistance of counsel.

 The jury viewed the entire videotape when it was introduced in evidence and again,
at their request, during jury deliberations.

 Jurgens's trial counsel testified on motion for new trial that he decided to introduce
the tape in evidence to show inconsistencies in the daughter's testimony at trial and her statements
during the interview; and to show the numerous times the child said "no" when repeatedly asked by
the investigator whether Jurgens had threatened her. Jurgens argues there were no such
inconsistencies and thus no trial-strategy justification for introducing the tape in evidence: according
to Jurgens in the interview, as at trial, the child stated she was afraid of Jurgens, that he had
threatened her, that the sexual acts hurt her, and that they had occurred more than two times. Jurgens
further contends that because the tape shows the child to be emotional and sympathetic the jury was
prejudiced against him.

 We assume for purposes of discussion that trial counsel's conduct fell below
professional norms, as Jurgens contends. It remains Jurgens's burden, however, to prove
affirmatively "that counsel's error, judged by the totality of the representation, not by isolated
instances of error or by only a portion of the trial, denied him a fair trial. . . . It is not enough . . . to
show that the errors had some conceivable effect on the outcome of the proceedings." Garcia v.
State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). We conclude Jurgens has not carried this
burden.

 If, as Jurgens contends, the child's testimony at trial and her statements during the
interview were identical, it is difficult to conceive that the taped statements were any more
prejudicial or inflammatory than the child's trial testimony. The only distinction in those
circumstances would be a possibility that the child was more sympathetic on the videotape, because
of emotion displayed on the recording, than she was during her trial testimony. Because we did not
observe her trial testimony we cannot make the distinction. There is no evidence on the point in the
record before us. We therefore cannot conclude that Jurgens was denied a fair trial due to "a
reasonable probability that, but for counsel's errors, the fact finder would have had a reasonable
doubt respecting" Jurgens's guilt of the offenses alleged. Garcia, 887 S.W.2d at 880.

 We hold accordingly and overrule points of error two, three, and four.

 For the reasons given we affirm the trial court judgment.





 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: May 8, 1997

Do Not Publish



lations with his daughter. Given the apparent
irrelevance of Ross's testimony to the ultimate issue in the case, we cannot conclude that trial
counsel's conduct fell below professional norms. Nor can we conclude that the absence of his
testimony, to the effect indicated, probably affected the result of the trial. See Strickland v.
Washington, 466 U.S. 668, 686-87 (1984); Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App.
1992).

 In oral argument before this Court, Jurgens contended that Ross would also have
testified that Jurgens's wife used allegations of Jurgens's sexual misconduct against his daughter,
as a tool to gain advantage in Mrs. Jurgens's divorce proceeding. This is not, however, borne out
by any testimony given by Ross.

 Jurgens complains next of trial counsel's decision to introduce in evidence a
videotape allegedly portraying an interview of his daughter by an investigator for Child Protective
Services. In Jurgens's view, trial counsel should at most have introduced an edited version of the
videotape or requested a limiting instruction of a kind not identified by Jurgens; and trial counsel's
omission in that regard also amounted to ineffective assistance of counsel.

 The jury viewed the entire videotape when it was introduced in evidence and again,
at their request, during jury deliberations.

 Jurgens's trial counsel testified on motion for new trial that he decided to introduce
the tape in evidence to show inconsistencies in the daughter's testimony at trial and her statements
during the interview; and to show the numerous times the child said "no" when repeatedly asked by
the investigator whether Jurgens had threatened her. Jurgens argues there were no such
inconsistencies and thus no trial-strategy justification for introducing the tape in evidence: according
to Jurgens in the interview, as at trial, the child stated she was afraid of Jurgens, that he had
threatened her, that the sexual acts hurt her, and that they had occurred more than two times. Jurgens
further contends that because the tape shows the child to be emotional and sympathetic the jury was
prejudiced against him.

 We assume for purposes of discussion that trial counsel's conduct fell below
professional norms, as Jurgens contends. It remains Jurgens's burden, however, to prove
affirmatively "that counsel's error, judged by the totality of the representation, not by isolated
instances of error or by only a portion of the trial, denied him a fair trial. . . . It is not enough . . . to
show that the errors had some conceivable effect on the outcome of the proceedings." Garcia v.
State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). We conclude Jurgens has not carried this
burden.

 If, as Jurgens contends, the child's testimony at trial and her statements during the
interview were identical, it is difficult to conceive that the taped statements were any more
prejudicial or inflammatory than the child's trial testimony. The only distinction in those
circumstances would be a possibility that the child was more sympathetic on the videotape, because
of emotion displayed on the recording, than she was during her trial testimony. Because we did not
observe her trial testimony we cannot make the distinction. There is no evidence on the point in the
record before us. We therefore cannot conclude that Jurgens was denied a fair trial due to "a
reasonable probability that, but for counsel's errors, the fact finder would have had a reasonable
doubt respecting" Jurgens's guilt of the offenses alleged. Garcia, 887 S.W.2d at 880.

 We hold accordingly and overrule points of error two, three, and four.

 For the reasons given we affirm the trial court judgment.